UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20111 CR-KING

MAGISTRATE JUDGE
BANDSTRA

21 U.S.C. §963
21 U.S.C. §846
21 U.S.C. §952(a)
21 U.S.C. §841(a)(1)
18 U.S.C. §1956(h)

UNITED STATES OF AMERICA

v.

MICHAEL CARTWRIGHT,
OCTAVIO USUGA,
   a/k/a El Quemado,
LUIS MAINIERI-MEDINA,
   a/k/a Tato, and
JUAN CARLOS GONZALEZ-INFANTE,

       Defendants.
_____/



FILED by ___ D.C.
FEB 10 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

From in or about March, 2006, and continuing through in or about March, 2007, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

MICHAEL CARTWRIGHT,
OCTAVIO USUGA,
a/k/a El Quemado,
LUIS MAINIERI-MEDINA,
a/k/a Tato, and
JUAN CARLOS GONZALEZ-INFANTE,

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to import into the United States, from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a).

### Overt Acts

In furtherance of the conspiracy, and to effect the goal thereof, at least one of the following overt acts, among others, was committed by at least one of the conspirators in the Southern District of Florida and elsewhere:

a. In or about April, 2006, in the nation of Colombia, Defendant **OCTAVIO USUGA, a/k/a El Quemado**, offered to conspirator M.H. to supply him with 100 kilos of cocaine for sale in south Florida.

b. In or about April, 2006, in the nation of Colombia, conspirator M.H. offered to defendant **LUIS MAINIERI-MEDINA, a/k/a Tato**, the same 100 kilos of cocaine for sale in south Florida.

c. In or about April, 2006 in Freeport, in the nation of the Bahamas, conspirator J.C. met with defendant **MICHAEL CARTWRIGHT**, and discussed selling the 100 kilos of cocaine in south Florida. Defendant **MICHAEL CARTWRIGHT** provided conspirator J.C. with the names and telephone numbers of his employees in south Florida.

d. On or about May, 13, 2006, in Fort Lauderdale, defendant **JUAN CARLOS GONZALEZ-INFANTE** delivered 100 kilos of cocaine to conspirator J.C.

e. On or about May 13, 2006, in Fort Lauderdale, conspirator J.C. delivered 100 kilos of cocaine to employees of defendant **MICHAEL CARTWRIGHT**.

2

f.  In or about late May, 2006, in Fort Lauderdale, employees of defendant **MICHAEL CARTWRIGHT** delivered over $200,000 of drug proceeds to conspirator J.C.

g.  On or about May 24, 2006, in North Miami Beach, conspirator J.C. delivered approximately $163,000 of drug proceeds to another person, for the purpose of sending that money to defendants **OCTAVIO USUGA, a/k/a El Quemado,** and **LUIS MAINIERI-MEDINA, a/k/a Tato**, and to other co-conspirators in the nation of Colombia.

h.  On or about May 30, 2006, in North Miami Beach, conspirator J.C. possessed approximately $102,000 of drug proceeds.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine.

All in violation of Title 21, United States Code, Section 963.

## COUNT TWO

From in or about March, 2006, and continuing through in or about March, 2007, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**MICHAEL CARTWRIGHT,
OCTAVIO USUGA,
a/k/a El Quemado,
LUIS MAINIERI-MEDINA,
a/k/a Tato, and
JUAN CARLOS GONZALEZ-INFANTE,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled

3

substance, in violation of Title 21, United States Code, Section 841(a)(1).

## Overt Acts

The overt acts listed in Count One of this Indictment are re-alleged herein, and incorporated by reference, as if set forth in full.

Pursuant to Title 21, United States Code, Section 841(b)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

All in violation of Title 21, United States Code, Section 846.

## COUNT THREE

On or about May 13, 2006, in Fort Lauderdale, Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**MICHAEL CARTWRIGHT,**
**OCTAVIO USUGA,**
**a/k/a El Quemado,**
**LUIS MAINIERI-MEDINA,**
**a/k/a Tato, and**
**JUAN CARLOS GONZALEZ-INFANTE,**

did knowingly and intentionally import into the United States from a place outside thereof, a controlled substance, in violation of Title 21, United States Code, Section 952(a) and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

4

## COUNT FOUR

On or about May 13, 2006, in Fort Lauderdale, Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**MICHAEL CARTWRIGHT,
OCTAVIO USUGA,
a/k/a El Quemado,
LUIS MAINIERI-MEDINA,
a/k/a Tato, and
JUAN CARLOS GONZALEZ-INFANTE,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT FIVE

From in or about March, 2006, and continuing through in or about March, 2007, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**MICHAEL CARTWRIGHT,
OCTAVIO USUGA,
a/k/a El Quemado,
LUIS MAINIERI-MEDINA,
a/k/a Tato, and
JUAN CARLOS GONZALEZ-INFANTE,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United States, in violation of Title 18, United States Code, Section, 1956, that is: to knowingly conduct financial

transactions affecting interstate commerce and foreign commerce, which transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting such transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B) (i).

It is further alleged that the specified unlawful activity is the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance.

All in violation of Title 18, United States Code, Section 1956(h).

## CRIMINAL FORFEITURE

The allegations contained in Courts One through Five of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America of certain property in which defendants may have an interest, pursuant to the provisions of Title 21, United States Code, Section 853; and Title 18, United States Code, Section 982(a)(1).

Upon conviction of any offense charged in Counts One through Four of this Indictment, the defendants shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violation and any property the defendants used, or intended to use, in any manner or part, to commit or to facilitate the commission of such violation.

Upon conviction of the offense charged in Count Five of this Indictment, the defendants shall forfeit to the United States any property, real or personal, involved in such offense or any property traceable to such property. All pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON


_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY


_____
MICHAEL P. SULLIVAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

MICHAEL CARTWRIGHT,
OCTAVIO USUGA, a/k/a El Quemado,
LUIS MAINIERI-MEDINA, a/k/a Tato, and
JUAN CARLOS GONZALEZ-INFANTE,

                Defendants.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

- _X_ Miami   ___ Key West
- ___ FTL      ___ WPB      ___ FTP

New Defendant(s)        Yes ___    No ___
Number of New Defendants
Total number of counts  ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    _Yes_
   List language and/or dialect    _Spanish_

4. This case will take    _7_    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | (Check only one) | |
   |---|---|---|---|---|
   | I   | 0 to 5 days     | ___ | Petty   | ___ |
   | II  | 6 to 10 days    | _X_ | Minor   | ___ |
   | III | 11 to 20 days   | ___ | Misdem. | ___ |
   | IV  | 21 to 60 days   | ___ | Felony  | _X_ |
   | V   | 61 days and over| ___ |         |     |

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)  _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)    _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ___ Yes    _No_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ___ Yes    _No_ No

 

_____
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No.

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Michael Cartwright

**Case No:**

Count #: 1

Conspiracy to import a controlled substance, cocaine.

Title 21 U.S.C. §963

**\* Max. Penalty:** Life imprisonment

Count #: 2

Conspiracy to possess and with intent to distribute a controlled substance, cocaine.

Title 21 U.S.C.§846

**\*Max. Penalty:** Life imprisonment

Count #: 3

Importation of controlled substance, cocaine.

Title 21 U.S.C. 952(a)

**\*Max. Penalty:** Life imprisonment

Count #: 4

Possession with intent to distribute a controlled substance, cocaine.

Title 21 U.S.C. 841(a)(1)

**\*Max. Penalty:** Life imprisonment

Count #: 5

Conspiracy to commit money laundering

Title 18 U.S.C. §1956(h)

**\*Max. Penalty:** 20 years imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Octavio Usuga, a/k/a El Quemado

**Case No**:

Count #: 1

Conspiracy to import a controlled substance, cocaine.

Title 21 U.S.C. §963

**\* Max. Penalty**: Life imprisonment

Count #: 2

Conspiracy to possess and with intent to distribute a controlled substance, cocaine.

Title 21 U.S.C. §846

**\*Max. Penalty**: Life imprisonment

Count #: 3

Importation of controlled substance, cocaine.

Title 21 U.S.C. 952(a)

**\*Max. Penalty**: Life imprisonment

Count #: 4

Possession with intent to distribute a controlled substance, cocaine.

Title 21 U.S.C. 841(a)(1)

**\*Max. Penalty**: Life imprisonment

Count #: 5

Conspiracy to commit money laundering

Title 18 U.S.C. §1956(h)

**\*Max. Penalty**: 20 years imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Luis Mainieri-Medina, a/k/a Tato
Case No:

Count #: 1

Conspiracy to import a controlled substance, cocaine.

Title 21 U.S.C. §963

**\* Max. Penalty**: Life imprisonment

Count #: 2

Conspiracy to possess and with intent to distribute a controlled substance, cocaine.

Title 21 U.S.C.§846

**\*Max. Penalty:** Life imprisonment

Count #: 3

Importation of controlled substance, cocaine.

Title 21 U.S.C. 952(a)

**\*Max. Penalty:** Life imprisonment

Count #: 4

Possession with intent to distribute a controlled substance, cocaine.

Title 21 U.S.C. 841(a)(1)

**\*Max. Penalty:** Life imprisonment

Count #: 5

Conspiracy to commit money laundering
Title 18 U.S.C. §1956(h)

**\*Max. Penalty:** 20 years imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>Juan Carlos Gonzalez-Infante</u>
Case No:

Count #: 1

<u>Conspiracy to import a controlled substance, cocaine.</u>

<u>Title 21 U.S.C. §963</u>

**\* Max. Penalty**: Life imprisonment

Count #: 2

<u>Conspiracy to possess and with intent to distribute a controlled substance, cocaine.</u>

<u>Title 21 U.S.C.§846</u>

**\*Max. Penalty:** Life imprisonment

Count #: 3

<u>Importation of controlled substance, cocaine.</u>

<u>Title 21 U.S.C. 952(a)</u>

**\*Max. Penalty:** Life imprisonment

Count #: 4

<u>Possession with intent to distribute a controlled substance, cocaine.</u>

<u>Title 21 U.S.C. 841(a)(1)</u>

**\*Max. Penalty:** Life imprisonment

Count #: 5

<u>Conspiracy to commit money laundering</u>

<u>Title 18 U.S.C. §1956(h)</u>

**\*Max. Penalty:** 20 years imprisonment

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.